UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MIGUEL NEGRON,

                                       Plaintiff,

         -against-

THE CITY OF NEW YORK, Police Officer
CASSANDRA JAMES, Shield No. 31612, Police Officer
"JOHN" MCCREADY, Shield No. 23365,  JOHN and
JANE DOE 1 through 10, individually and in their official
capacities (the name John and Jane Doe being fictitious, as
the true names are presently unknown),

                                       Defendants.

------------------------------------------------------------------------ x

**ANSWER**

**11-cv-0712 (CBA)(RML)**

**JURY TRIAL DEMANDED**

      Defendants the City of New York (the "City") and Michael McCready (collectively "defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:[1]

      1.    Deny the allegations set forth in paragraph 1 of the complaint, except admit that plaintiff purports to proceed as stated therein.

      2.    Deny the allegations set forth in paragraph 2 of the complaint, except admit that plaintiff purports to proceed as stated therein.

      3.    Deny the allegations set forth in paragraph 3 of the complaint, except admit that plaintiff purports to base jurisdiction as stated therein.

---

[1] Plaintiff has agreed to withdraw the action against Police Officer Cassandra James based on this office's representation that Officer Cassandra was not involved in the incident underlying the complaint other than to execute the criminal court complaint.

4. Deny the allegations set forth in paragraph 4 of the complaint, except admit that plaintiff purports to lay venue as stated therein.

5. The allegations set forth in paragraph 5 of the complaint consist of a demand for a jury trial and therefore no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the complaint.

7. Deny the allegations set forth in paragraph 7 of the complaint, except admit that the City is a municipality organized pursuant to the laws of the State of New York, and that the City maintains the New York City Police Department ("NYPD") pursuant to applicable law.

8. Deny the allegations set forth in paragraph 8 of the complaint except admit that Cassandra James, Shield No 31612, was employed by the City as a police officer for the NYPD on the date of the incident, and state that the allegation that she "is sued in her individual and official capacities[]" is a conclusion of law to which no response is required.

9. Deny the allegations set forth in paragraph 9 of the complaint except admit that Michael McCready, Shield No 23365 (sued herein as "John" McCready), was employed by the City as a police officer for the NYPD on the date of the incident, and state that the allegation that he "is sued in his individual and official capacities[]" is a conclusion of law to which no response is required.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the complaint.

11. The allegations set forth in paragraph 11 of the complaint constitute conclusions of law rather than averments of fact and as such no response is required.

12. Deny the allegations set forth in paragraph 12 of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the complaint.

14. Deny the allegations set forth in paragraph 14 of the complaint, except admit that plaintiff was stopped on Decatur Street by police officers at approximately 12:00 p.m. on June 2, 2010.

15. Deny the allegations set forth in paragraph 15 of the complaint.

16. Deny the allegations set forth in paragraph 16 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff was enrolled in a syringe Exchange Program.

17. Deny the allegations set forth in paragraph 17 of the complaint.

18. Deny the allegations set forth in paragraph 18 of the complaint.

19. In response the allegations set forth in paragraph 19 of the complaint, defendants respectfully refer the Court to the cited document for an accurate rendition of its contents.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the complaint, except admit that plaintiff was charged with Criminal Possession of a Controlled Substance in the Seventh Degree, Penal Law § 220.03.

21. Deny the allegations set forth in paragraph 21 of the complaint.

22. Deny the allegations set forth in paragraph 22 of the complaint.

23. Deny the allegations set forth in paragraph 23 of the complaint.

24. Admit the allegations set forth in paragraph 24 of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the complaint.

32. Deny the allegations set forth in paragraph 32 of the complaint.

33. In response to the allegations set forth in paragraph 33 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

34. Deny the allegations set forth in paragraph 34 of the complaint.

35. Deny the allegations set forth in paragraph 35 of the complaint.

36. In response to the allegations set forth in paragraph 36 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

37. Deny the allegations set forth in paragraph 37 of the complaint.

38. Deny the allegations set forth in paragraph 38 of the complaint.

39. In response to the allegations set forth in paragraph 39 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.   .

40. Deny the allegations set forth in paragraph 40 of the complaint.

41. Deny the allegations set forth in paragraph 41 of the complaint.

42. In response to the allegations set forth in paragraph 42 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

43. Deny the allegations set forth in paragraph 43 of the complaint.

44. Deny the allegations set forth in paragraph 44 of the complaint.

45. Deny the allegations set forth in paragraph 45 of the complaint.

46. In response to the allegations set forth in paragraph 46 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

47. Deny the allegations set forth in paragraph 47 of the complaint.

48. Deny the allegations set forth in paragraph 48 of the complaint.

49. In response to the allegations set forth in paragraph 49 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

50. Deny the allegations set forth in paragraph 50 of the complaint.

51. Denies the allegations set forth in paragraph 51 of the complaint.

52. Denies the allegations set forth in paragraph 52 of the complaint.

53. Denies the allegations set forth in paragraph 53 of the complaint.

54. In response to the allegations set forth in paragraph 54 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

55. Deny the allegations set forth in paragraph 55 of the complaint, except admit that plaintiff was arrested.

56. Deny the allegations set forth in paragraph 56 of the complaint.

57. Deny the allegations set forth in paragraph 57 of the complaint.

58. Deny the allegations set forth in paragraph 58 of the complaint.

59. In response to the allegations set forth in paragraph 59 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

60. Deny the allegations set forth in paragraph 60 of the complaint.

61. Deny the allegations set forth in paragraph 61of the complaint.

62. In response to the allegations set forth in paragraph 62 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

63. Deny the allegations set forth in paragraph 63 of the complaint.

64. Deny the allegations set forth in paragraph 64 of the complaint.

65. Deny the allegations set forth in paragraph 65 of the complaint.

66. In response to the allegations set forth in paragraph 66 of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, as if fully set forth herein.

67. Deny the allegations set forth in paragraph 67 of the complaint.

68. Deny the allegations set forth in paragraph 68 of the complaint.

69. Deny the allegations set forth in paragraph 69 of the complaint.

70. Deny the allegations set forth in paragraph 70 of the complaint and refer the Court to the decision rendered in the case cited therein for statement of its contents.

71. Deny the allegations set forth in paragraph 71 of the complaint.

72. Deny the allegations set forth in paragraph 72 of the complaint.

73. Deny the allegations set forth in paragraph 73 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

74. The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

75. Any injury allegedly sustained by plaintiff resulted from his own culpable or negligent conduct, or that of third parties, and was not the proximate result of any act of the City or its officers.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

76. There was probable cause for plaintiff's detention, arrest and prosecution.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

77. To the extent plaintiff asserts any claims under state law, those claims are barred by his failure to comply with Section 50 of the New York General Municipal Law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

78. Michael McCready did not violate clearly established statutory or constitutional rights of which a reasonable person would have known and is therefore protected by qualified immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

79. At all times relevant to the acts complained of in the complaint, the individual defendant acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

80. Plaintiff provoked any incident.

**WHEREFORE,** defendants City of New York and Michael McCready respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         April 11, 2011

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                City of New York and Michael McCready
                                100 Church Street, Room 3-159
                                New York, New York 10007
                                (212) 788-8698

                                By:  _____/S/_____
                                     Steve Stavridis
                                     Special Federal Litigation Division

**By ECF:**

**Gabriel Paul Harvis, Esq.**
Harvis & Saleem LLP
305 Broadway, 14th Floor
New York, NY 10007
212-323-6880
Fax: 212-323-6881
Email: gharvis@harvisandsaleem.com