NOV -9 2011

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MIGUEL NEGRON,

                                              Plaintiff,

                -against-

THE CITY OF NEW YORK, Police Officer
CASSANDRA JAMES, Shield No. 31612, Police Officer
"JOHN" MCCREADY, Shield No. 23365, JOHN and
JANE DOE 1 through 10, individually and in their official
capacities (the name John and Jane Doe being fictitious, as
the true names are presently unknown),

                                              Defendants.

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

11-cv-0712 (CBA)(RML)

------------------------------------------------------------------- x

        **WHEREAS**, plaintiff commenced this action by filing a complaint on February 14, 2011 alleging that defendants violated plaintiff's federal civil and state common law rights; and

        **WHEREAS**, defendants have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS**, defendant The City of New York served plaintiff with a Rule 68 Offer of Judgment on August 30, 2011 in the amount of Seventeen Thousand, Five Hundred and One Dollars ($17,501.00) plus reasonable attorneys' fees, costs and expenses; and

        **WHEREAS**, plaintiff accepted the Rule 68 Offer of Judgment on or about September 9, 2011; and

        **WHEREAS**, plaintiff and defendants have resolved the issue of attorney's fees, costs and expenses without further proceedings; and

        **WHEREAS**, plaintiff has assigned his rights to attorney's fees, costs and expenses to his attorneys, Harvis and Saleem LLP; and

**WHEREAS**, plaintiff has authorized his counsel to agree to the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. Defendant The City of New York hereby agrees to pay plaintiff the sum of Seventeen Thousand, Five Hundred and One Dollars ($17,501.00) and Harvis and Saleem LLP the sum of Seven Thousand, Four Hundred Ninety Nine Dollars ($7,499.00) in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of these sums, plaintiff agrees to the dismissal of all the claims against the defendants and to release the defendants, and any present or former employees and agents of The City of New York or any agency thereof, from any and all liability, claims or rights of action from the beginning of the world to the day of the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendant The City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or The City of New York or any other rules, regulations or bylaws of any department or subdivision of The City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject

matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
      October 18, 2011

| | |
|---|---|
| Afsaan Saleem, Esq.<br>Harvis & Saleem LLP<br>Attorneys for Plaintiff<br>305 Broadway, 14th Floor<br>New York, NY 10007<br>212-323-6880<br>Fax: 212-323-6881 | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>  City of New York<br>*Attorney for Defendants*<br>City of New York and Michael McCready<br>100 Church Street, Room 3-159<br>New York, NY 10007<br>212-788-8698<br>Email: sstavrid@law.nyc.gov |
| By: _____ 10/18/11<br>    Afsaan Saleem | By: _____<br>    Steve Stavridis |

SO ORDERED:

s/CBA

CHIEF JUDGE CAROL BAGLEY AMON
UNITED STATES DISTRICT JUDGE

11/8/11

4